UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

Eastern District of Kentucky
F I L E D

MAY 0 4 2005

AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

CIVIL ACTION NO. 05-45-KSF

| | | |
|---|---|---|
| In re | ) | |
| | ) | Chapter 7 |
| JAMES L. HOLMAN, | ) | |
| | ) | Case No. 04-51440-JMS |
| Debtor | ) | |
| | ) | |
| ELAINE L. CHAO, | ) | ADVERSARY PROCEEDING |
| Secretary of Labor, | ) | No. 04-5540 |
| United States Department of Labor, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JAMES L. HOLMAN, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

This matter is before the Court on the motion of Elaine L. Chao, Secretary of Labor,

United States Department of Labor (the "Secretary"), to withdraw the reference of plaintiff's

adversary complaint and consolidate it in the district court [DE #1]. Having been fully briefed,

this matter is ripe for review.

**I.      FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On April 28, 2004, James L. Holman ("Holman" or "Debtor") filed a voluntary petition

under Chapter 7 in the Bankruptcy Court for the Eastern District of Kentucky.  On August 2,

2004, the Secretary filed an adversary complaint in the Bankruptcy Court for the Eastern District

of Kentucky to determine the dischargeability of Debtor's debt. The adversary complaint alleges that the Debtor is a fiduciary and a party in interest under ERISA and that he violated the fiduciary provisions of ERISA with respect to the 401 (K) Plan (the "Plan") of Holman Plumbing, Heating & Air Conditioning, Inc. (the "Company"), an ERISA-covered benefit plan sponsored by the Company. The Secretary has filed this action asking the Court to withdraw the Bankruptcy Court's reference in Adversary Proceeding 04-5540, currently before Judge Joseph M. Scott, Jr. On February 22, 2005, Judge Scott held a trial on this matter. On March 21, 2005, Judge Scott entered a memorandum opinion and judgment in favor of the Secretary in Adversary Proceeding 04-5540. Although the Bankruptcy Court has issued a judgment in this proceeding, and since there may still be some post-judgment proceedings, the Court will address the merits of the Secretary's motion.

In the adversary proceeding, the Secretary alleged that Debtor breached his fiduciary duties by: (1) failing to remit employee contributions withheld from payroll to the Plan; (2) failing to timely remit employee contributions withheld from payroll to the Plan; and (3) failing to segregate such plan assets from the Company's general account and using such plan assets to operate the Company. The Secretary argues and the Bankruptcy Court concluded that such actions constitute defalcation under Section 523 (a)(4) of the Bankruptcy Code and that the debts arising from these ERISA violations are nondischargeable.

The Secretary has also filed a civil complaint before this Court, alleging that the Debtor violated his fiduciary duties under ERISA. *See* Civil Action No. 04-572. The Secretary seeks to enjoin Holman's acts and practices that violate the provisions of Title I of ERISA and to obtain other equitable relief to redress violations and enforce the provisions of that Title pursuant to section 502(a)(2) and (5).

2

## II.   ANALYSIS

In the instant case, the Secretary has alleged that the debt the Debtor owes the Plan is nondischargeable. "Section 523(a)(4) of the Bankruptcy Code provides that 'a discharge under [the Bankruptcy Code] does not discharge an individual debtor from any debt ... for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny.'" *In re Blaszak*, 397 F.3d 386 (6th Cir. 2005) (citing 11 U.S.C. §§ 523(a)(4)). The Sixth Circuit has defined "defalcation" to encompass embezzlement and misappropriation by a fiduciary, as well as the "failure to properly account for such funds." *Id.;Capitol Indemnity Corp. v. Interstate Agency, Inc. (In re Interstate Agency)*, 760 F.2d 121, 125 (6th Cir.1985) (internal quotations omitted); *see also Kriegish v. Lipan (In re Kriegish)*, No. 02- 1610, 2004 WL 346041, *2-6 (6th Cir. Feb. 23, 2004). In order to find a debt nondischargeable under §§ 523(a)(4) due to defalcation, the Secretary must prove: (1) an express trust existed; (2) the debt was caused by fraud or defalcation; and (3) the debtor acted as a fiduciary at the time the debt was created.  *See Klingman v. Levinson*, 831 F.2d 1292, 1295 (7th Cir. 1987); *see also R.E. America, Inc. v. Garver (In re Garver)*, 116 F.3d 176, 178-79 (6th Cir.1997).

In order to decide defalcation under Section 532 (a)(4), the Bankruptcy Court examined whether the Plan was an ERISA-covered plan, whether Holman was a fiduciary under ERISA, and whether Holman breached his fiduciary duties under ERISA. Thus, the Secretary's adversary complaint necessitated the Bankruptcy Court having to interpret both ERISA and the Bankruptcy Code. The Secretary also represents that the adversary proceeding required substantial consideration of ERISA issues and required more than an application of existing law to new facts. Debtor responds that the present adversary proceeding in fact only required that the court apply established law to the instant facts and determine whether or not a fiduciary for

3

ERISA purposes is the same as the use of the non-defined term "fiduciary" in Section 532 (a)(4).

### A.     The Proper Test for Mandatory Withdrawals

Under 28 U.S.C. § 157 (d), a district court may withdraw any core or non-core proceeding referred to the bankruptcy court.  If the resolution of the matter requires consideration of non-bankruptcy federal statutes regulating organizations or activities affecting interstate commerce, then withdrawal is mandated.  *Id.*  ("The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both Title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce").  The burden of demonstrating withdrawal is on the movant. *See In the Matter of Vicars Ins. Agency, Inc.*, 96 F.3d 949, 955 (7th Cir. 1996).

Both parties agree that if this Court was to resolve the Secretary's adversary proceeding, the Court will have to determine whether Debtor acted as a fiduciary for purposes of ERISA and whether Debtor violated that fiduciary duty.  According to *In re Kiefer*, 276 B.R. 196 (E.D. Mich. 2002), the existence of these disputed issues would appear to settle the question of whether consideration of federal laws outside the Bankruptcy Code is required.  *Id.* at 199.  However, Debtor argues for a stricter interpretation, akin to the interpretation by the court in *Herman v. Stetler*, 241 B.R. 206 (E.D. Wis. 1999).  In *Herman*, the district court found that Section 157(d) mandates withdrawal of the reference only where resolution of the claims will require "substantial and material" consideration of federal laws outside the Bankruptcy Code.

The Sixth Circuit has not stated whether Section 157(d) requires mere consideration or a substantial and material consideration of non-Code statutes.  Districts in the Sixth Circuit have been split as to which test is appropriate.  First, at least two districts in Ohio and one in Michigan

4

have followed the majority rule and adopted the "substantial and material" test. In *In re White Motor Corp.*, 42 B.R. 693 (N.D. Ohio 1984), the Northern District of Ohio concluded that §157(d) requires a substantial and material consideration of non-Code statutes. *See also Holland v. LTV Steel Company, Inc.*, 288 B.R. 770 (N.D. Ohio 2002); *In re Federated Department Stores, Inc.,* 189 B.R. 144 (S.D. Ohio 1995); *In re Auto Specialities Mfg. Co.*, 134 B.R. 227, 228 (W.D. Mich. 1990); *In re Baldwin-United Corp.,* 57 B.R. 751, 757-58 (S.D.Ohio 1985). The district court found that "any reading of §§ 157(d) which limits bankruptcy court jurisdiction to questions arising solely under the Code would strip the court of much of its authority to resolve debtor-creditor disputes, since numerous Code provisions themselves require reference to other state and federal law." *Id.* at 703. The Court concluded that §157(d) "must therefore be read to require withdrawal not simply whenever non-Code federal statutes will be *considered* but rather only when such consideration is necessary for the *resolution* of a case or proceeding." *Id.* at 703. *See also In re Ionosphere Clubs, Inc.*, 922 F.2d 984 (2d Cir. 1990), *cert. denied*, 502 U.S. 808, 112 S.Ct. 50, 116 L.Ed.2d 28 (1991) (adopting the "substantial and material" test); *In re Matter of Vicars Ins. Agency, Inc.* 96 F.3d 949 (7th Cir. 1996).

On the other hand, two other courts in this circuit have concluded that the literal approach to Section 157(d) is the correct test. Relying on *Martin v. Friedman*, 133 B.R. 609 (N.D. Ohio 1991), the Eastern District of Michigan rejected the "substantial and material consideration" test. *See In re Kiefer*, 276 B.R. 196 (E.D. Mich. 2002). In *Kiefer,* the Court noted that the parties had agreed that resolution of the proceedings required consideration of federal laws outside of Title 11 insofar as a court must determine whether the defendant violated a fiduciary duty under ERISA. The Court noted that neither the Bankruptcy Code's structure nor legislative history

5

weighed in favor of the "substantial and material consideration" test.[1]  In *Kiefer*, the Court found

that a broader reading of §157(d) would not unduly deprive bankruptcy courts of jurisdiction, nor

would such a reading render superfluous the other Code provisions that contemplate bankruptcy

courts' application of federal statutes outside the Code.  The Court also found that the text of the

provision is not ambiguous and that legislative history does not support a narrow reading of the

section.  *Id. See also In re U.S. Airways Group, Inc.,* 296 B.R. 673 (E.D. Va. 2003) (finding that

the "substantial and material" test begs the question, leaving unanswered what is "substantial and

material" consideration; is not warranted by the text of the statute; and has not led to consistent

application of the mandatory withdrawal requirement).

Since there is no controlling Sixth Circuit precedent construing §157 (d), the Court will

follow the majority approach.  At least three other districts in this Circuit have adopted the

"substantial and material" consideration test.  Although the Eastern District of Michigan has

rejected this test, since the majority of jurisdictions within this Circuit, and elsewhere, have

adopted the substantial and material consideration test, this Court will also adopt the substantial

and material consideration test.

**B.     The ERISA Issues Involved**

The Court must also determine whether the disputed issues in this matter require that a

court undertake substantial and material consideration of non-bankruptcy laws.  "The legal

questions involved need not be of 'cosmic proportions' ... but must involve more than mere

application of existing law to new facts."  *Herman,* 241 B.R. at 210 (citing *In the Matter of*

---

[1]  In *Kiefer*, the district court accepted that if it were to follow *White*, it might rule in the defendant's favor because it was not clear that resolution of whether defendant violated a fiduciary obligation under ERISA would require "substantial" consideration.  *Id.* at 200.

*Vicars Ins. Agency, Inc.,* 96 F.3d 949, 954 (7th Cir.1996) (citation omitted)). The moving party

bears the burden of showing that the "substantial and material" consideration test has been

satisfied. *Vicars,* 96 F.3d at 953.

In *Herman,* the non-bankruptcy issues included whether: "1) the 401(k) Plans were

covered under ERISA; 2) [defendant] was a fiduciary of the 401(k) Plans as construed under

ERISA; and 3) [defendant] breached his fiduciary duty owed to the 401(k) Plans under ERISA."

*Herman,* 241 B.R. at 209.  The district court adopted the "substantial and material" test and

concluded the non-bankruptcy issues were not substantial and material.  The district court

recognized that the disputed issues were not substantial and material because resolution of the

issues involved only application of existing Seventh Circuit law regarding the definition of a

fiduciary under ERISA and had discussed breaches of a fiduciary's duties to new facts. *Id.* at

210 ("[C]ase law is rich with precedent that can effectively guide the bankruptcy court in

determining the ERISA issues in the instant action. . . . The court has every confidence in the

Bankruptcy Court's abilities to effectively read and apply this case law.").

Likewise, the Sixth Circuit has established sufficient case law on the issues in the instant

case.  As was in *Herman,* the disputed issues in this case include: (1) whether the Plan was an

ERISA-covered pan, (2) whether Holman was a fiduciary as defined by ERISA, and (3) whether

Holman breached his duty under ERISA.  The Sixth Circuit has defined when a person is a

"fiduciary" under an ERISA plan. *See, e.g., Seaway Food Town, Inc. v. Medical Mut. of Ohio,*

347 F.3d 610 (6th Cir. 2003) (discussing ERISA fiduciary status); *Hamilton v. Carrell,* 243 F.3d

992, 998 (6th Cir. 2001) (same).  Similarly, several Sixth Circuit cases have discussed whether a

fiduciary has breached his duty to ERISA plan participants. *See, e.g., Abbott v. Pipefitters Local*

7

*Union No. 522 Hosp., Medical, and Life Ben. Plan*, 94 F.3d 236 (6th Cir. 1996) (holding that trustees did not breach their fiduciary duty by deciding to set independent contribution rates for each local union); *Berlin v. Michigan Bell Telephone Co.*, 858 F.2d 1154 (6th Cir. 1988) (stating that misleading communications to plan participants regarding plan administration will support a claim for breach of fiduciary duty); *Drennan v. General Motors Corp.*, 977 F.2d 246 (6th Cir. 1992) (holding that employer breached fiduciary duty to disclose that it was considering allowing employees to participate in benefit plan). Thus, the Bankruptcy Court will be able to apply existing Sixth Circuit law regarding the definition of a fiduciary under ERISA and the breach of a fiduciary's duties to the facts of this case.[2]

The Secretary cites to *Kiefer* and *Martin* for the proposition that other courts have concluded that withdrawal is mandated where the defendant disputes his ERISA liability and fiduciary status. However, as discussed previously, the district courts in both of these cases rejected the "substantial and material" test in favor of a broader interpretation of §157 (d). In *Martin*, the district court stated, "Resolution of the adversary proceeding will obviously require consideration of ERISA." *Id.* at 612. In *Kiefer*, the district court withdrew the reference again based solely on the fact that the proceeding would require consideration of ERISA. The Court has adopted the "substantial and material" test, therefore, these cases are not applicable because they mandate withdrawal merely on the basis ERISA will have to be considered. Since the substantial and material test requires a more significant inquiry into what role the non-

---

[2] The Bankruptcy Court did in fact apply existing Sixth Circuit law to the facts of this case. In determining whether Holman acted as a fiduciary under ERISA, the Bankruptcy Court considered the express language of Section 3 (21) (A) of ERISA. *See* ¶¶ 20-22, Memorandum Opinion. The Bankruptcy Court also examined the language of ERISA and Sixth Circuit case law in determining whether Holman had breached his fiduciary duties. *See* ¶¶ 26-35, Memorandum Opinion.

bankruptcy issues will have, *Herman* provides a more applicable analysis because it considers whether these issues require a "substantial and material" consideration by the court.

In sum, existing Sixth Circuit precedent discussing the definition of fiduciaries and fiduciary breaches under ERISA provides adequate guidance for the Bankruptcy Court to be able to apply to the facts of this case. Moreover, the Secretary has failed to identify any cases where a court used the "substantial and material" consideration test and concluded that the issues of whether a defendant was a fiduciary and breached his fiduciary duties requires "substantial and material" consideration by the court. This case does not require the Court to undertake substantial and material consideration of non-bankruptcy issues. Thus, the Court declines to withdraw the Bankruptcy Court's reference.

**III.    CONCLUSION**

Based on the foregoing, and the Court being otherwise fully and sufficiently advised, IT IS HEREBY ORDERED that plaintiff's motion to withdraw the reference of plaintiff's adversary complaint and consolidate it in the district court [DE #1] is DENIED.

This ____ day of May, 2005.

KARL S. FORESTER, SENIOR JUDGE

9